IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


AMERICAN AUTOMOBILE ASSOCIATION, INC.                    PLAINTIFF

vs.                        Civil No. 6:10-cv-06020

ADVANCE QUOTES, LLC et al.                               DEFENDANTS


## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Plaintiff's Motion for Entry of a Judgment by Default.  Doc. No. 16. Plaintiff filed this motion on May 26, 2010.  Pursuant to Local Rule 7.2 and Rule 6(d) of the Federal Rules of Civil Procedure, Defendants were required to respond to this motion by June 14, 2010. Neither Defendant has responded to this motion.  This Court held a hearing on this motion on June 16, 2010 in Hot Springs, Arkansas.  Only Plaintiff appeared at this hearing.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T. Dawson referred this motion to this Court for the purpose of making a report and recommendation. This Court, having reviewed Plaintiff's arguments and briefing, recommends Plaintiff's Motion for Entry of a Judgment by Default (Doc. No. 16) be **GRANTED.**

## 1. Background

On March 15, 2010, Plaintiff filed a Complaint against Defendants Advance Quotes, LLC, Jeff McClendon, and Does 1-10.[1]  Doc. No. 1.  In its Complaint, Plaintiff argues that Defendants

---

[1] On June 21, 2010, Plaintiff filed a Motion/Notice of Dismissal without Prejudice of Defendants Does 1 through 10, Inclusive.  Doc. No. 21. Pursuant to FED. R. CIV. P. 41(a), an voluntary dismissal of this nature generally does not require a court order.  However, since this document was filed as a motion, this Court entered a report and recommendation on this date, recommending that this motion (Doc. No. 21) be granted.  Accordingly, because they are no longer a part of this case, Defendants Does 1-10 will not be included in this report and recommendation.

unlawfully and without authorization used the "AAA" symbol in conjunction with their website www.medicalquotefinder.com.  Doc. No. 1.  Plaintiff also argues that Defendants used the "AAA" mark through pay-per-click advertising programs offered by Google, Yahoo!, and MSN in order to direct consumers to their website www.medicalquotefinder.com.  *See id.* at 8.  Plaintiff argues Defendants have used its mark since approximately September of 2008.  *See id.* at 7.  Plaintiff argues it notified Defendants on April 14, 2009 to cease and desist their use of its mark, but Defendants never responded to this letter.  *See id.* at 9.  Further, Plaintiff argues that despite this cease-and-desist letter, Defendants continued to use the "AAA" mark.  *See id.* at 9.

Plaintiff argues that Defendants attempted to avoid responsibility for their actions by registering their domain through Domains by Proxy and by using an alias.  *See id.* at 9-10.  Plaintiff argues that the only contact it received from Defendants was through an individual named "Shawn Palmar."  *See id.*  Plaintiff argues that "Mr. Palmar" never provided a substantive response to its request for information.  *See id.*  Plaintiff argues that the actual registered administrative contact for www.medicalquotefinder.com is Defendant Jeff McClendon.  *See id.*  Plaintiff argues that "Mr. Palmer" was an alias for Mr. McClendon.  *See id.*

On April 7, 2010, Plaintiff served Defendants Advance Quotes, LLC and Jeff McClendon. Doc. Nos. 6-7.  Defendants were required to answer by April 28, 2010.  *See id.*  Despite this deadline, neither Defendant Advance Quotes, LLC nor Defendant Jeff McClendon filed an answer.  On May 19, 2010, the Clerk of the Court entered a default against Jeff McClendon and Advance Quotes, LLC for their failure to appear.  Doc. No. 15.  After this entry of default, neither Defendant appeared personally or by a representative.  On May 26, 2010, Plaintiff filed the present Motion for Entry of a Judgment by Default. Doc. No. 16.  With this Motion, Plaintiff seeks a default judgment including a permanent injunction against Defendants Advance Quotes, LLC and Jeff McClendon as well as attorney's fees

and costs.[2]  *See id.*

This Court held a hearing on this Motion on June 16, 2010.  Plaintiff appeared at this hearing and introduced six exhibits into evidence.  These six exhibits were admitted into evidence and include the following: (1) documentation establishing the identity of Defendants; (2) proof of service on Defendants; (3) Defendants' refusal of delivery; (4) documentation from the United States Patent Office related to the "AAA" mark; (5) documentation from the internet reflecting Defendants' use of the "AAA" mark; and (6) documentation from the internet reflecting Defendants' use of the "AAA" mark through keyword internet searches.  Subsequent to this hearing, Plaintiff also filed a declaration in support of its motion for attorney's fees and costs as well as a Soldiers and Sailors Relief Act affidavit.  Doc. Nos. 22-23.  From the date of this hearing until today's date, neither Defendant has appeared in this case personally or by a representative.

## 2. Applicable Law

Pursuant to Federal Rule of Civil Procedure 55(b)(2) ("Rule 55(b)"), a court is authorized to enter a default judgment against a party.  A default judgment may be entered against a party who has defaulted "for not appearing."  FED. R. CIV. P. 55(b)(1).  A default judgment may be entered where the damages are a sum certain or where the damages are in dispute.  *See* FED. R. CIV. P. 55(b).  Further, in the Eighth Circuit, a court is not required to articulate specific factors in determining whether to enter a Rule 55(b) default for failure to appear.  *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852,  857 (8th Cir. 852) (holding that "[t]his Court has not articulated specific factors that must be considered in determining whether a Rule 55(b) motion for default judgment for failure to defend

---

[2] In the Complaint, Plaintiff requested both monetary and injunctive relief under the Federal Trademark Act (as well as under other acts).  At the default judgment hearing, however, Plaintiff's attorney represented that Plaintiff is now only seeking attorney's fees and costs in the place of any unliquidated damages that may have been awarded under those acts.  Therefore, the only issue before this Court is whether a permanent injunction should be issued and whether attorney's fees and costs should be granted.

3

should be granted"). Instead, the Eighth Circuit has found that a default judgment for failure to defend under Rule 55(b) can be entered where the conduct was "willful, contumacious or intentional." *Id.* Further, before entering a default judgment, the court must ascertain whether the party is in military service. *See* 50 App. U.S.C. § 521. When a party is in military service, a default judgment may not be entered against that party unless he or she is represented. *See id.*

In determining whether a default judgment should be entered, the court must evaluate the plaintiff's factual and legal allegations as presented in the complaint. The factual allegations of a complaint (except those relating to the amount of damages) are "taken as true" upon a party's default. *Murray v. Lene,* 595 F.3d 868, 871 (8th Cir. 2010). However, the legal allegations in the complaint are not taken as true. *See id.* Instead, the court must consider whether the "unchallenged facts constitute a legitimate cause of action." *See id.* (citation omitted).

**3. Discussion**

Plaintiff pled several different causes of action in this lawsuit: trademark infringement, false designation of origin, and unfair competition in violation of Sections 32 and 43(a) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §§ 1114, 1125(a), and Arkansas common law; trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), Arkansas state law, ARK. CODE ANN. § 4-71-213, and common law; and unfair competition in violation of the Arkansas Deceptive Trade Practices Act, ARK. CODE ANN. §§ 4-88-101, *et. seq.* With its Motion for Entry of a Judgment by Default, Plaintiff seeks a permanent injunction as well as attorney's fees and costs. Doc. No. 16. This relief is authorized by the Lanham Act for a trademark violation. Accordingly, this Court will only address whether a default judgment should be entered against Defendants for violation of the Lanham Act, 15 U.S.C. § 1114 and 1125(a).

A.      **Trademark Infringement**

Section 1114(1)(a) of the Lanham Act prohibits "use in commerce [of] any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive."  Section 1125(a) of the Lanham Act prohibits "in connection with any goods or services, or any container for goods" any "false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person."

Accordingly, to establish a violation of Section 1114(1)(a) and Section 1125(a), a plaintiff must establish the following: (1) that it owns a valid, protectible mark; and (2) that there is a likelihood of confusion between its mark and defendant's mark.  *B&B Hardware, Inc. v. Hargis Indus.,* 569 F.3d 383, 389 (8th Cir. 2009).  This Court will evaluate both of these requirements.

1.      **Valid, Protectible Mark**

Plaintiff must first establish it has a valid, protectible mark.  In this case, Plaintiff presented as Exhibit 4 during the hearing on this motion United States Patent Trademark Office ("USPTO") documents reflecting its rights to the "AAA" mark.  The registered marks include Reg. Nos. 829,265, 1,101,726, and 2,158,654.  *See* Exhibit 4.  These documents establish that Plaintiff's mark is federally registered and is a valid, protectible mark.

2.      **Likelihood of Confusion**

Plaintiff must also establish likelihood of confusion.  In evaluating whether a likelihood of confusion exists, courts in the Eighth Circuit apply six factors: (1) the strength of the trademark; (2)

the similarity between the plaintiff's and defendant's mark; (3) the competitive proximity of the parties' products; (4) the alleged infringer's intent to confuse the public; (5) evidence of any actual confusion; and (6) the degree of care reasonably expected of the plaintiff's potential customers. *Anheuser-Busch, Inc. v. Balducci Publ'ns,* 28 F.3d 769, 774 (8th Cir. 1994) (citation omitted).  Upon review, all six of these factors indicate that there is a high likelihood of confusion between Plaintiff's registered marks and Defendant's use of the "AAA" mark.

First, this Court must consider the strength of Plaintiff's trademark.  As reflected in the USPTO documents, Plaintiff's "AAA" mark has been utilized by the American Automobile Association since 1903 and registered for several decades.  *See* Hearing Exhibit 4.  The fact that Plaintiff's mark has been used for over a hundred years indicates the "AAA" mark is very strong.  Second, this Court must consider the similarity between Plaintiff's and Defendants' marks.  As evidenced by the documents admitted during the hearing in this matter, Defendants are using the same "AAA" mark as Plaintiff's mark.  *See* Hearing Exhibits 5-6.  Accordingly, not only are Defendants' and Plaintiff's marks similar, they are the same mark.  Third, this Court must consider the competitive proximity of Plaintiff's and Defendants' products.  Both Plaintiff's and Defendants' products are advertised and available on the internet.  Thus, they are available in the same competitive market.

Fourth, this Court must considered the alleged infringer's intent to confuse the public.  On Defendants' website www.medicalquotefinder.com, Defendants use not only the "AAA" mark but also use Plaintiff's mark with the circle, saucer, and "AAA."  Defendants' use of this mark indicates that they used Plaintiff's marks with the intent to confuse the public.  Fifth, this Court must consider evidence of any actual confusion.  While Plaintiff has presented no evidence of actual confusion, the fact that Defendants used pay-per-click advertising, keyword searching, and several of  Plaintiff's registered marks creates the inference that there would be actual confusion between Plaintiff's marks

and Defendants' use of "AAA." *SquirtCo. v. Seven-Up Co.,* 628 F.2d 1086, 1091 (8th Cir. 1980) (holding that "actual confusion is not essential to a finding of trademark infringement").

Sixth and finally, this Court must consider the degree of care reasonably expected of Plaintiff's potential customers. Defendants' used Plaintiff's marks on the internet through keyword searching. *See* Hearing Exhibit 6. Based upon Defendants' use of these marks, it would be difficult and potentially impossible for Plaintiff's customers to determine the difference between Defendants' products and Plaintiff's products. Thus, this Court finds that even with a high degree of care, there would still be a high likelihood of confusion. Accordingly, based upon this review of these six factors, this Court finds that Plaintiff has demonstrated a likelihood of confusion such that Defendants are liable for trademark infringement under the Lanham Act.

Further, based upon Plaintiff's attempts to contact Defendants through cease-and-desist letters, and Defendants' failure to stop using Plaintiff's marks, this Court finds Defendants' conduct is "willful, contumacious or intentional." *See Ackra Direct Mktg. Corp.,* 86 F.3d at 857. Defendants have especially demonstrated "willful" conduct by refusing documents Plaintiff's attorneys attempted to deliver to them. *See* Hearing Exhibit 3. Accordingly, this Court recommends that a default judgment for failure to appear be entered against Defendants pursuant to FED. R. CIV. P. 55(b)(1).

**B.    Military Status of Mr. McClendon**

Pursuant to 50 App. U.S.C. § 521(b), before a default may be entered, this Court must determine whether Mr. McClendon is in military service. To make this determination, Plaintiff was required to file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." *See id.* Subsequent to the hearing in this matter, Plaintiff filed an affidavit that complies with 50 App. U.S.C. § 521(b). Doc. No. 23. This affidavit states that Mr. McClendon is not in military service. *See id.* This affidavit further states that this conclusion is

based upon the fact that Mr. McClendon is not included the database for the Department of Defense Manpower Data Center. *See id.* Accordingly, this Court finds that Mr. McClendon is not in military service, and a default judgment may be properly taken against him.

### C.    Relief Requested

#### 1.    Permanent Injunction

Pursuant to 15 U.S.C. § 1116, this Court is authorized to grant an injunction in order "to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office." In accordance with that provision, this Court recommends Plaintiff's request for a permanent injunction be **GRANTED.** Defendants should be enjoined from using any of Plaintiff's marks, including the "AAA" mark, on any of their websites, including www.medicalquotefinder.com. Defendants should also be enjoined from engaging in any "pay-per-click" advertising with Plaintiff's marks.

**Pursuant to 15 U.S.C. § 1116, Defendants should be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the permanent injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction. Failure to comply with the Court's order may result in contempt proceedings against Defendants.**

#### 2.    Costs

Further, pursuant to 15 U.S.C. § 1117(a), this a court may award "costs of the action" to Plaintiff under the Lanham Act. Plaintiff has submitted an itemized list of costs that include the following: Lexis and Westlaw charges ($632.87), long distance charges ($0.90), document scanning charges ($4.35), certified mail charges ($5.63), and federal express charges ($16.68). Doc. No. 22. Plaintiff also submitted a second itemized lists of costs that include the following: filing fee charges

($350.00), fees for service of summons and subpoena ($546.00), fees for exemplification and costs of making copies ($14.30), long distance charges ($7.92), certified mail charges ($7.00), and federal express charges ($15.35). Doc. No. 16, Exhibit F.

This Court, however, is only inclined to recommend that taxable costs be awarded. *See* 28 U.S.C. § 1920. Under 28 U.S.C. § 1920, the taxable costs included are the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. Plaintiff is, therefore, only entitled to an award of $910.30 for the filing fee, service fees, and copies. Thus, this Court recommends Plaintiff's request for costs be **GRANTED** in the amount of $910.30.

### 3.    Attorney's Fees

Pursuant to 15 U.S.C. § 1117(a) of the Lanham Act, a court is authorized to award "reasonable attorney fees" to the prevailing party in "exceptional cases." A case is "exceptional" when the court finds the defendant's conduct was willful and deliberate. *See Metric & Multistandard Components Corp. v. Metric's, Inc.,* 635 F.2d 710, 716 (8th Cir. 1980). In the present action, this Court finds that this case is such an "exceptional case" where Defendants' conduct was both willful and deliberate. This finding is based upon the following: (1) Defendants continued to use the "AAA" mark even after being notified to cease and desist; (2) Defendants refused correspondence from Plaintiff's attorney; and (3) Defendants apparently used the service Domains by Proxy and the alias "Mr. Palmar" to avoid responsibility for their actions. *See,* Discussion, *supra.*

Subsequent to the hearing in this matter, Plaintiff submitted an itemized statement of its

9

attorney's fees in this case.  Doc. No. 22.  Plaintiff seeks a total of $19,982.00 in attorney's fees ($18,586.00 for Covington & Burling, L.L.P. and $1396.00 for Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.).  *See id.*  Plaintiff's itemized bill totals over $20,000.00 (through May 25, 2010). Doc. No. 22.  This Court has reviewed Plaintiff's itemized bill and does not find it is unreasonable. Thus, based upon this itemized bill and because Defendants have not appeared and have not contested the reasonableness of this bill or the attorney's fees, this Court recommends Plaintiff's request for $19,982.00 in attorney's fees be **GRANTED**.

**4. Conclusion**

Based upon the foregoing, this Court recommends that Plaintiff's Motion for Entry of a Judgment by Default (Doc. No. 16) be **GRANTED.**  This Court recommends that a permanent injunction be granted against Defendants and that $19,982.00 in attorney's fees and $910.30 in costs be awarded to Plaintiff.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 28th day of June 2010.**

s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE