IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

AMERICAN AUTOMOBILE ASSOCIATION, INC.                    PLAINTIFF

v.                          NO.  6:10-cv-6020

ADVANCE QUOUTES, LLC;                                    DEFENDANTS
and JEFF MCCLENDON

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

BEFORE the Court is Plaintiff's Motion for An Order to Show Cause.  ECF No. 30.  The Defendants did not respond, but Defendant Jeff McClendon did appear at a hearing on May 24, 2011.  United States District Judge Robert T. Dawson referred this matter to the undersigned for the purpose of certifying the facts of the alleged contempt in this matter.  ECF Text entry dated March 18, 2011.

**I. Background**

On March 15, 2010, Plaintiff filed a Complaint against Defendants Advance Quotes, LLC, Jeff McClendon, and Does 1-10.[1]  ECF No. 1.  In its Complaint, Plaintiff argued Defendants unlawfully and without authorization used the "AAA" symbol in conjunction with their website www.medicalquotefinder.com.  ECF No. 1.  Plaintiff also argued Defendants used the "AAA" mark through pay-per-click advertising programs offered by Google, Yahoo!, and MSN in order to direct

---

[1] On June 21, 2010, Plaintiff filed a Motion/Notice of Dismissal without Prejudice of Defendants Does 1 through 10, Inclusive.  ECF No. 21.  Pursuant to FED. R. CIV. P. 41(a), an involuntary dismissal of this nature generally does not require a court order.  However, since this document was filed as a motion, this Court entered a report and recommendation on this date, recommending that this motion (ECF No. 21) be granted.  Accordingly, because they are no longer a part of this case, Defendants Does 1-10 will not be included in this report and recommendation.

consumers to their website www.medicalquotefinder.com. *See id.* at 8. Plaintiff argued Defendants have used its mark since approximately September of 2008. *See id.* at 7. Plaintiff notified Defendants on April 14, 2009 to cease and desist their use of its mark, but Defendants never responded to this letter. *See id.* at 9.

On April 7, 2010, Plaintiff served Defendants Advance Quotes, LLC and Jeff McClendon. ECF Nos. 6-7. Defendants were required to answer by April 28, 2010. *See id.* Despite this deadline, neither Defendant Advance Quotes, LLC nor Defendant Jeff McClendon filed an answer. On May 19, 2010, the Clerk of the Court entered a default against Jeff McClendon and Advance Quotes, LLC for their failure to appear. ECF No. 15. After this entry of default, neither Defendant appeared personally or by a representative. On May 26, 2010, Plaintiff filed its Motion for Entry of a Judgment by Default. ECF No. 16. On June 29, 2010, the undersigned entered his Report and Recommendation where it was recommended a default judgment be entered against the Defendants. ECF No. 27. A Default Judgment was entered by District Judge Dawson on July 26, 2010. ECF No. 29. The Default Judgment included a permanent injunction against the use of the "AAA" mark, an award of attorney fees of $19,982.00 and costs of $910.30. Defendants were directed to file a written report with the Court within thirty(30) days of the entry of the Default Judgment setting forth in detail the manner in which they had complied with the injunctive relief granted.

The Clerk of this Court mailed a copy of the Default Judgment to Defendant's last known address, 503 Lakeland Drive, B6, Hot Springs, Arkansas on July 26, 2010. ECF Text Entry. Further, the Plaintiff mailed a copy of the Default Judgment to this same address on July 29, 2010. *See* May 24, 2011 Hearing Exhibit 5.

On March 17, 2011, Plaintiff filed its Motion for Order to Show Cause, requesting that this

Court enter an Order directing the Defendants to appear and show cause why they should not be held in contempt of the Court's Default Judgment.  Specifically, Plaintiff asserts the Defendants have continued to use the "AAA" mark, failed to file the required compliance report with the Court, and further have failed to pay the attorney's fees and costs awarded in this matter.

## II. Discussion

Pursuant to 28 U.S.C. § 636(e)(6)(B), the undersigned must certify the facts relevant in this matter to the District Judge.  Upon such certification, the District Court shall "hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before the district Judge." *See id.*  Based on the testimony and exhibits introduced into evidence at the hearing on May 24, 2011, the Court finds the following facts should be certified to the District Court.

### a. Facts Certified

1. The Court entered its Default Judgment on July 26, 2010, enjoining the Defendants from the use of the "AAA" mark.

2. Defendant Jeff McClendon's mailing address in July 2010, was 503 Lakeland Drive, B6, Hot Springs, Arkansas.

3. The Default Judgment was mailed to the Defendants, at 503 Lakeland Drive, B6, Hot Springs, Arkansas, by the Clerk of this Court on July 26, 2010.

4. The Default Judgment was mailed to the Defendants, at 503 Lakeland Drive, B6, Hot Springs, Arkansas, by the Plaintiff on July 29, 2010.

5. Defendant Jeff McClendon testified under oath on May 24, 2011, that he had in fact received the Default Judgment no later than September 2010.

6. Defendant Jeff McClendon continued to use the "AAA" mark on websites maintained by him for several months after receiving a copy of the Default Judgment. *See* May 24, 2011 Hearing, Testimony of Jeff McClendon, Plaintiff's Exhibits 3-4.

7. Defendant Jeff McClendon continued to use the "AAA" mark up to and including April, 2011. *See* May 24, 2011 Hearing, Testimony of Jeff McClendon.

8. Defendant Jeff McClendon continued to use the "AAA" mark on websites other than the one originally identified by the Plaintiff in its Complaint. *See* May 24, 2011 Hearing, Testimony of Jeff McClendon.

9. Defendants have not paid the attorney fees of $19,982.00 and costs of $910.30 awarded in the Default Judgment.

10. Defendants have not filed a written report as directed in the Default Judgment setting forth in detail the manner in which they had complied with the injunctive relief granted.

11. Defendant Jeff McClendon testified he had not stopped using the "AAA" mark on any website or otherwise until just prior to the Hearing. *See* May 24, 2011 Hearing, Testimony of Jeff McClendon.

**b. Recommendation**

Based on the foregoing certified facts, the undersigned recommends the Court issue a Show Cause Order and direct the Defendant Jeff McClendon appear and show cause why he should not be held in contempt of Court for failure to obey an Order of this Court. It is further recommended that additional attorney fees and costs be assessed against the Defendants for the acts which necessitated the Plaintiff in seeking to enforce the Default Judgment in this matter.

**III.  Conclusion**

The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**IT IS SO ORDERED** this **8th day of June, 2011.**

/s/ Barry A. Bryant
HON. BARRY A.  BRYANT
UNITED STATES MAGISTRATE JUDGE